# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 22-5243**

**September Term, 2025**
FILED ON: OCTOBER 22, 2025

JACQUELYN BRENEA N'JAI,
               APPELLANT

v.

UNITED STATES DEPARTMENT OF EDUCATION, ET AL.,
               APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-02712)

Before: SRINIVASAN, *Chief Judge*; GARCIA, *Circuit Judge*; and ROGERS, *Senior Circuit Judge*.

## J U D G M E N T

This cause came to be heard on appeal from the United States District Court for the District of Columbia and was argued by counsel. An opinion issued on August 13, 2024, *N'Jai v. Dep't of Educ.*, 111 F.4th 1288 (D.C. Cir. 2024), in which the court certified two questions of law to the District of Columbia Court of Appeals:

1. Under District of Columbia law, is the government contacts exception to personal jurisdiction limited to First Amendment activity between the defendant and a government entity?

2. If the first question is answered in the affirmative, are the contacts with the Department of Education alleged in the amended complaint here covered under the exception?

*Id.* at 1293. The D.C. Court of Appeals has now issued its responsive opinion. *See N'Jai v. Dep't of Educ.*, No. 24-SP-0735 (D.C. Sept. 4, 2025). The Court answered the first certified question in the affirmative, holding that "the government-contacts exception applies only if a defendant can establish that relying on the conduct at issue as a basis for personal jurisdiction would violate the First Amendment." *Id.*, slip op. at 12. The Court declined to address the second question, however, on the ground that it involved the application of purely "federal law" rather than "local law." *Id.* Accordingly, it is

**ORDERED** and **ADJUDGED** that the District Court's orders dismissing N'Jai's claims against Defendants New York University (NYU), Long Island University (LIU), Immediate Credit Recovery (ICR), and FMS Investment Corporation (FMS), for lack of personal jurisdiction, be vacated. *See* Order, *N'Jai v. Dep't of Educ.*, No. 19-cv-2712 (D.D.C. Mar. 21, 2021), ECF No. 101 (dismissing without prejudice claims against NYU, LIU, ICR); Order, *N'Jai v. Dep't of Educ.*, No. 19-cv-2712 (D.D.C. Sept. 6, 2022), ECF No. 141 (same for FMS). It is

**FURTHER ORDERED** and **ADJUDGED** that this case be remanded to the District Court for further consideration in light of the D.C. Court of Appeals' above-referenced decision. On remand, the District Court should consider any remaining federal constitutional objections to personal jurisdiction before addressing, if necessary, the merits.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

## Per Curiam

FOR THE COURT:
Clifton B. Cislak, Clerk

BY:　/s/
　　　Daniel J. Reidy
　　　Deputy Clerk